FLEMING *v.* The INSURANCE COMPANY. (*a*)

1. The deposition of a witness in a former suit between the same parties, is evidence, although it appear from the witness's answer to one of the interrogatories, that he supposed he was a party to the suit, which he was not; and special objection was taken that the answer showed he knew not in what cause he was examined.

2. In an action upon a policy of insurance, the preliminary proofs may be read in evidence by the plaintiff, to show a compliance with the rule as to such proofs.

3. In an action in the name of B. to the use of A., upon a marine policy on goods belonging to A., effected by B., "as well in his own name as for and in the name and names of all and every other person or persons to whom the property hereby insured doth, may, or shall appertain, in part or in the whole," an account current between A. and B., signed by B., and charging A. with the premium paid for the policy, is evidence for the plaintiff to prove A.'s interest in the policy.

4. In an action upon a policy on goods from Philadelphia to Havana, evidence that the goods were shipped in good condition, were properly stowed, and were found, about eight days after the arrival of the vessel at Havana, to be damaged by salt water; that the vessel was seaworthy, and in good order when she sailed; made a voyage of about fifteen days, and within a year had to be careened by a purchaser; that another vessel which arrived at Havana from Philadelphia, about three days before her, had strong northerly winds all the way; and that the working of the rudder tends to loosen vessels at the stern, does not amount to evidence of a loss by the perils of the sea.

5. In an action upon a marine policy (reported 4 Wharton, 68), the defendants insisted that the action was brought in the wrong name, and that the plaintiff had not proved his interest in the policy. The judge instructed the jury to find a verdict for the defendants on the latter point, which they did. The Court in banc sustained both points, and judgment was entered for the defendants: *Held,* no bar to another action properly brought.

6. The declaration in an action on a policy on goods, averred that they belonged to A. It appeared that A., who had bought the goods, had consigned them to C.: *Held,* that the action could be maintained, it being left to the jury to inquire whether A. was the owner, notwithstanding the consignment.

CERTIFICATE from the Court of Nisi Prius, of Philadelphia.

This was an action of covenant brought by Joseph Fleming, to the use of John M. De Bolle, against the Insurance Company of the State of Pennsylvania, upon a policy of insurance dated the 15th day of December, 1827, between the defendants of the one part, and "Joseph Fleming, as well in his own name, as for and in the name and names of all and every other person or persons to whom the property hereby insured, doth, may, or shall appertain, in part or in the whole," of the other part; upon a box of jewelry,

---

(*a*) The report of this case was furnished by L. A. Scott, Esq.

by the schooner Nueva Eloisa, Matamala, Master, at and from Philadelphia to Havana.

The declaration alleged that " one John M. De Bolle, for whose use this action is brought, and who is the person to whom the property did appertain, and for and in the name of whom the said insurance was effected by the plaintiff," was at the time of the shipment, and at the time of the loss, interested in the goods to the whole amount insured, and that the goods were lost by and through the perils and dangers " of the winds and waves ;" and through " the perils and dangers of the seas."

The defendants pleaded, among other things, a former recovery, in bar and as an estoppel.

The cause was tried on the 2d of 'December, 1847, before Mr. Justice ROGERS.   The jury found a verdict for the plaintiff.   Upon the trial several decisions on points of evidence were made against the defendants, and were excepted to by them, and assigned for error in this Court.   Among them were the following, viz. :

1. The plaintiff offered in evidence the deposition of a witness taken under a commission and letters rogatory to Havana, issued in a former suit, upon the ground that it had been taken in a former cause between the same parties, to recover for the same loss.

The first interrogatory was, " Do you know the parties, plaintiff and defendants, or either of them, and how long have you known them or either of them ?"   The answer was, " He excuses himself, inasmuch as deponent is one of the persons respecting whom it is inquired."   There were also the usual general interrogatories.   The defendants objected to the admission of the deposition, upon the ground that the first interrogatory was not answered ; and that the reason given by the witness for not answering, showed that he did not know in what cause he was under examination.   The Court overruled the objection.

2. The plaintiff offered in evidence the preliminary proofs—to which the defendants objected.   The Court overruled the objection, and stated that they might be read, but not as proof of the facts stated in them.

3. The plaintiff offered in evidence, having first proved the signature thereto, a paper purporting to be an account current signed by Joseph Fleming, the plaintiff, dated 9th May, 1828, headed " J. M. De Bolle in account with Joseph Fleming," in which De Bolle is debited with cash paid for policy, dated December 15, 1827, per

schooner Nueva Eloisa. The defendants objected; but the objection was overruled and the paper admitted.

It was disputed on the trial whether there was any evidence of a loss by the perils of the sea. The plaintiff gave evidence to show that the jewelry was shipped in good condition, and was properly stowed. It appeared that the vessel sailed about the 16th December, 1827, and arrived at Havana about the 2d of January, 1828. No account of the occurrences of the voyage was given. A survey, on stowage was made on the 10th of January, when the surveyor found that the wooden box containing the jewelry was stowed in the cabin in the transom locker, and was wet, and on opening the box he found that the jewelry, which he did not take out of the box, was much damaged by wet at the top. On a place in the deck over the box being pointed out to him, where it was said there had been a leak, he found it was wet. There were jugs and ship stores in the locker with the box. It also appeared that the jewelry was examined in the custom-house at Havana, between the 10th and 17th of January, 1828, when the whole of it was found to be much damaged by salt water. It further appeared that the Nueva Eloisa was, on the 11th October, 1827, registered in the marine register of the defendants, as A. No. 2, new caulked and in complete order; that a vessel like the Nueva Eloisa never stands above A. No. 2; that on the 9th and 12th of December, her cabin was repaired by a ship-joiner; and that sometime in 1828 a person who purchased her had to careen her. A vessel which arrived at Havana from Philadelphia about three days before the Nueva Eloisa, had "strong northerly winds almost all the way out." Evidence was also given that the working of the rudder tended to loosen vessels at the stern. The learned judge left it to the jury to say whether there was a loss by the perils of the sea, which was excepted to and assigned as error.

In order to show a former recovery, the defendants gave in evidence the record of an action of covenant upon the same policy, and for the same loss, brought in the Supreme Court by John M. De Bolle, to the use of his assignees, William Vineyard and Joseph Fleming, against the defendants; the trial notes of the judge who tried that cause, and the report of it in 4 Wharton's Reports, 68. On the trial of the former action, two objections had been made to a recovery, viz. 1. That the suit should have been in the name of Joseph Fleming, and, 2. That no evidence had been given to show that Fleming, when he procured the policy, intended it for the bene-

fit of De Bolle. The judge (Sergeant), gave no opinion on the first objection, but sustained the second one, and instructed the jury to find for the defendants, which they did. The Supreme Court in banc, on the motion for a new trial, sustained both objections, and judgment was entered on the verdict. Several depositions taken under commissions issued in that action, were read by the plaintiff in the present case, upon the ground that they had been taken in a former cause between the same parties, to recover for the same loss; but the learned judge ruled that the plaintiff was not barred by a former recovery, and this was excepted to and assigned for error.

The jewelry had been purchased by De Bolle, but it appeared that it was "consigned" by him to one Quevedo, in Havana, and the defendants requested the judge to charge the jury that the property in the goods was to be presumed from this fact to be in the consignee. But the learned judge instructed the jury to inquire whether De Bolle was the owner of the property, and instructed them that "the mere consignment of property for the benefit of the owner, vests a right of action in the consignee, because, by the consignment, he has a special property in the goods, but that the general property still remains in the owner, unless he has sold the goods; and he has such a property as will enable him to sustain suit in the name of the person who effects the policy for his use." This instruction was excepted to, and assigned for error.

*Scott* and *L. A. Scott*, for the defendants, argued that there was no evidence of a loss by the perils of the sea. The plaintiff must trace the loss, by proof, distinctly to the peril alleged: Fleming *v.* The Marine, 3 W. & S. 144; The Union *v.* Prescott, 1 Whart. 399. The underwriters are not liable for losses occasioned by mere wear and tear: Donnell *v.* The Columbia, 2 Sumner, 372; Fleming *v.* The Marine, 4 Whart. 59.

As to the former recovery, they contended that the parties to the former suit were the same, and were so declared to be by the plaintiff. The cause of action was the same, and the decision was upon the merits. No recovery could be had on the policy in any form of action, or in any name without proving an interest in the policy, or, in other words, that the policy was intended for the benefit of the owner of the goods. They cited Lampen *v.* Kedgewin, 1 Mod. 207; 4 Whart. 60; 4 Ib. 75; Banduy *v.* The Union, 2 W. C. C. R. 391; 1 Greenleaf's Ev. § 186; Buller's N. P. 232; Drexel *v.* Mann, jr., 2 Barr, 267; Lyon *v.* Chalker, 2 Watts, 14; Heller

v. Lessee of Jones, 4 Binn. 61; Fleming v. The Pennsylvania, 4 Barr, 475; Outram v. Morewood, 3 East, 346; Calhoun's Lessee v. Dunning, 4 Dall. 120; Binder v. Fromberger, 4 Ib. 436, note; Kitchen v. Campbell, 2 Bl. 831, 779, S. C. 3 Wils. 308; Robinson's Case, 5 Co. 32 b, S. C. Cro. Jac. 14; Letchmere v. Toplady, 1 Show. 146, 2 Vent. 169; Carmony v. Hoover, 5 Barr, 305; Kauffelt v. Lieber, 9 W. & S. 93; Sample v. Coulson, Ib. 62; Betts v. Starr, 5 Conn. 550; Miller v. Manice, 6 Hill, 121; Jones v. Nixon, 1 Young's Exch. Rep. 359; Hannay v. Stewart, 6 Watts, 487; 8 Ib. 385; 5 Ib. 49, 275; Bank v. Beverley, 1 Howard, 148; Hopkins v. Lee, 6 Wheat. 109; Kitcheffer v. Kerr, 17 S. & R. 319; Gregory v. Molesworth, 3 Atk. 626; Bower v. Tallman, 5 W. & S. 556; Croudson v. Leonard, 4 Cranch, 434; Bunting v. Lippingard, 4 Co. 29; Kenne's case, 7 Ib. 42, 43; Gould's Pl. 47; Lawrence v. Vernon, 3 Sumner, 20. As to the consignment to Quevedo, they cited Griffith v. Ingledew, 6 S. & R. 429; 1 Phillips, 72; Ib. chap. 1, sect. 7, p. 34 (edit. 840.)

As to the deposition, they argued that all the interrogatories must be answered, and that the witness could not give a rational answer to the general interrogatory, and cited 1 W. C. C. R. 144; 2 Ib. 7; 3 Ib. 186, 109; 4 Ib. 323; Withers v. Gillespy, 7 S. & R. 10.

As to the preliminary proofs, they argued that the only question is their sufficiency, which is for the Court. The usual proof of their exhibition is the endorsement of the insurer or proof of the communication covering them. It is objectionable to read them to the jury, the protest for instance: 2 Phillips, 510, 511.

As to the account current, they argued that it was offered to show an interest in the policy to De Bolle. It is *res inter alios*, and not under oath. It does not appear to have been delivered to De Bolle. It is a mere statement by Fleming: Crousillat v. Ball, 3 Yeat. 375; Steele v. Duncan, 2 Yeat. 113; Krutzer v. Lyon, 5 Barr, 274.

*C. Ingersoll*, for the plaintiff, contended that there was evidence of a loss by the perils of the sea.

As to the former recovery, he argued that the question of De Bolle's interest in the policy could not be raised in a suit brought in the name of Fleming. The question is, who is the covenantee, and what are the goods insured? The *narr.* in the former suit averred that Fleming was the specially constituted agent of De Bolle. The question of interest in the policy is a mere question

of title; it was never *sub judice*. The plaintiff could not have recovered in the former suit if he had proved everything; therefore it is no bar. The former suit, it is true, was between the same parties, and for the same cause, but the decision was not upon the merits: 1 Greenleaf's Ev. 530; Hocker *v.* Jamison, 2 W. & S. 438; Lane *v.* Harrison, 6 Munford, 573; Hennig *v.* Walton, 24 E. C. L. 208; McDonald *v.* Rainer, 8 John. 442; The King *v.* The Inhabitants, 5 B. &. C. 511; Carmony *v.* Hoover, 5 Barr, 308; Seddon *v.* Tutop, 6 T. R. 607; Blackham's Case, 1 Salk. 290; Hibsham *v.* Dulleban, 4 Watts, 183; Lawrence *v.* Vernon, 3 Sumner, 26; Miller *v.* Manice, 6 Hill, 114; Martin *v.* Kennedy, 2 Bos. & P. 71; Kitchen *v.* Campbell, 2 Bl. 831; Coit *v.* Tracy, 8 Conn. 268; Hotchkiss *v.* Nichols, 3 Day, 138; Bradford *v.* Bradford, 5 Conn. 132.

He argued that the deposition, the preliminary proofs, and the account current, were admissible, and the last was offered to show interest in the policy.

*March* 22. PER CURIAM.—We are unable to discover on the record any evidence whatever that the loss was occasioned by a peril insured against; and the cause ought not to have been put to the jury. The other errors are not sustained.

Judgment reversed, and *venire de novo* awarded.